UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                        |
|------------------------------|---|------------------------|
| MARK CIMINI,                 | ) |                        |
|     Plaintiff, | ) |                  |
|                              | ) |                        |
| v.                           | ) | C.A. No. 11-10211-GAO  |
|                              | ) |                        |
| THE COMMONWEALTH OF          | ) |                        |
| MASSACHUSETTS, ET AL,        | ) |                        |
|     Defendants. | ) |                   |

MEMORANDUM AND ORDER FOR DISMISSAL

O'TOOLE, D.J.

For the reasons stated below: (1) The Commonwealth of Massachusetts' Motion to Dismiss (Docket No. 14) is ALLOWED; (2) the claims against Defendant Margaret Cimini are DISMISSED; (3) Plaintiff's Motion for Default (Docket No. 17) is DENIED; (4) Plaintiff is PROHIBITED from filing any further, motions, letters, or any other pleadings seeking to re-litigate the issues contained in this suit or his two prior civil actions, and he is WARNED that he may be subject to sanctions, including an order enjoining him from future lawsuits without prior permission of the Court should he fail to comply with this directive; and (5) A separate Order of Dismissal shall issue.

BACKGROUND

I. The Instant Action

On February 8, 2011, Plaintiff Mark Cimini ("Cimini") filed a self-prepared civil rights Complaint (with attachments) against Margaret Cimini, his ex-wife, and the Commonwealth of Massachusetts. He paid the $350.00 civil action filing fee. Cimini's Complaint in no fashion comports with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure; rather, it incorporates an exegesis on the history of parental rights and family law deriving from British Common Law. It is clear, however, that his Complaint stems from his state court proceedings involving his petition for modification of child support and custody, as this action is Cimini's <u>third</u> attempt at federal review over state matters.

The history of Cimini's litigation in the Middlesex Probate and Family Court is extensive. In brief, the relevant background is as follows. Cimini filed a petition for a modification of his child support obligation with the Middlesex County Probate and Family court on April 15, 2004, seeking to reduce his child support payments and gain custody of his child. After a bench trial, on December 29, 2006, the court denied his petition on the grounds that Cimini failed to meet his burden to show a material and substantial change of circumstances. The Court also determined that it was not in the child's best interests to change the custody arrangement to give Cimini primary physical custody of his son. The Massachusetts Appeals Court affirmed the judgment against Cimini on December 26, 2008, <u>see</u> <u>Cimini v. Cimini</u>, 73 Mass. App. Ct. 1112 (2008) (unpublished decision), and the Massachusetts Supreme Judicial Court denied Cimini's application for further appellate review on April 2, 2009.

Cimini now seeks injunctive and declaratory relief from his state court judgment. Again, his Complaint is not entirely coherent or organized and is almost entirely void of any factual content. In brief, Cimini's civil action, based on 42 U.S.C. § 1983, alleges that he was denied the constitutional right to a trial by jury in his state support modification proceedings, and alleges various other violations of perceived constitutional rights, including the presumption of innocence and the right to confront one's accuser(s). Cimini also challenges the constitutionality of the entire body of Massachusetts statutory law governing divorce,

child custody, and support orders, under which his child support modification was denied. He contends that "[s]ince both in England and in the colonies there was full and complete relief under Common Law for all 'Family Law' matters the Petitioner asserts his right to Common Law jurisdiction today." Compl. at ¶ 13. He also alleges fraud by the Defendants and damages "which he has suffered at the hands of the Respondents, via the state court, and other parties, both named and unnamed..." Id. at ¶ 7. He seeks to incorporate all records of state proceedings into the instant action.

As relief, Cimini seeks restoration of his parental rights, return of his property and money ordered by the state court to be paid under the support order, as well as criminal and civil contempt for all parties involved. He asserts jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1367 (Supplemental Jurisdiction), and 28 U.S.C. § 1443(1) and (2) (Removal Jurisdiction).

Thereafter, Cimini filed motions seeking relief regarding the superintendence of this Court over mailings, and recusal of Judge Young; both those motions were denied by Electronic Orders.

On April 29, 2011, the Defendant Commonwealth of Massachusetts filed a Motion to Dismiss (Docket No. 14) and a Memorandum in Support (Docket No. 15).

On May 16, 2011, Cimini filed an Opposition to the Motion to Dismiss (Docket No. 16). In his pleading, which is not entirely coherent, Cimini argues that his request for injunctive and declaratory relief is not limited to his divorce case; rather, he seeks to have this Court "settle the federal issues left unanswered in state court." Id. at ¶ 2. He argues that the Probate and Family Court (Judge Donnelly) refused to address the constitutional issues,

dealing instead only with "the statutory construction of the laws." Id. at ¶ 3.[1] He further contends that the Massachusetts Supreme Judicial Court acts in bad faith in determining which cases to review, and that the Attorney General's Office also acted in bad faith. He again reiterates his claims, *inter alia*, that he has lost all common law protections against unwarranted state involvement. Further, he contends he presents a federal due process issue because of state judicial partiality. Id. at ¶ 4. Finally, he argues that principals of Abstention do not apply here because there is no state criminal prosecution against him, and because he seeks only the issuance of a declaratory judgment. Id. at ¶ 26. Alternatively, he asserts that this case presents unusual circumstances of bad faith and harassment that would provide an exception to the Abstention doctrine.

In addition to his Opposition, Cimini filed a Motion for Default (Docket No. 17) against his ex-wife, Margaret Cimini, on the grounds that she has failed to plead or otherwise defend this action.

II.      Prior Related Federal Court Litigation

A review of Cimini's two prior federal cases in this Court is germane to this Court's review of the instant case. Those cases are summarized as follows.

A.      Cimini v. Cimini, et al., Civil Action No. 05-10027-WGY

On January 4, 2005, Cimini filed a pleading entitled "Complaint in the Nature of a Petition for Writ of Mandamus and to Invoke the General Superintendence of the Court." Cimini v. Cimini, et al., C.A. 05-10027-WGY. The Complaint named his former wife,

---

[1]Cimini argues that the term "best interest of the child" has a different meaning in common law as opposed to that in equity. He contends that under equity jurisdiction, the phrase means that "the state can steal a child." Opposition (Docket No. 16 at ¶ 6).

Margaret Cimini, Judge Edward Donnelly of the Massachusetts County Probate and Family Court, Judge Ireland of the Supreme Judicial Court, and the Commonwealth of Massachusetts as Defendants. The Complaint alleged, *inter alia*, that Cimini's constitutional due process and equal protection rights were violated by the state courts in connection with the child custody determinations made by the Probate Court, and the subsequent denial of his appeal by the Supreme Judicial Court.

On January 11, 2005, Judge Young issued a Memorandum and Order dismissing Cimini's case *sua sponte*, on the grounds that the Defendant judges were entitled to absolute judicial immunity, and the Commonwealth of Massachusetts was entitled to sovereign immunity under the Eleventh Amendment. Judge Young declined to exercise supplemental jurisdiction over any of Cimini's state law claims against his ex-wife. See Memorandum and Order (Docket No. 5); Order of Dismissal (Docket No. 6).

      B.      Cimini v. Cimini, Civil Action No. 05-10125-WGY

Undeterred by the dismissal of the earlier case, on January 20, 2005, Cimini attempted to remove the domestic case involving his ex-wife (Margaret Cimini), which was pending in the Probate and Family Court of Middlesex County. Again, Cimini sought to litigate both the child custody issues as well as the child support issues. He also challenged the state court's "Best Interest Policy" as violative of the Eighth Amendment, claiming that the policy creates a situation where the state "owns" all minors within the Commonwealth, impermissibly intruding on parental property interests.

On July 18, 2005, Judge Young issued a Memorandum and Order for Remand and denied all other requests for relief. He found Cimini's case to be duplicative of the first civil action in this Court, and held that the removal action was an attempt to circumvent the

dismissal of the that prior federal action. He stated that:

> Even without the benefit of the underlying pleadings in the state action, it is apparent that Cimini is once again raising claims which have already been raised unsuccessfully in the prior civil action in this Court, but this time he is attempting to couch the clearly domestic relations issues in terms of federal questions, in an effort to take this matter out of the state court system, and to circumvent the dismissal in the prior federal action. The Court will not permit Cimini's attempt to raise these matters in this fashion, by artful pleading.

Memorandum and Order (Docket No. 17 at 7).

Further, Judge Young stated that: "Cimini's claims are nothing more than a thinly-veiled attempt to seek relief from this Court concerning child custody and support orders as well as the consequences which have flowed from them. This Court is not the proper forum to do so." Id. at 11.

The action was ordered remanded, and Cimini filed a number of post-remand motions, all of which were denied. Cimini filed an appeal from the Order for Remand (Docket No. 18) and the denial of his Motion for Reconsideration. The United States Court of Appeals for the First Circuit dismissed Cimini's appeal on March 30, 2007, for lack of subject matter jurisdiction over a remand order. See Mandate (Docket No. 32); Cimini v. Cimini, No. 06-2192 (1st Cir. 2007).

DISCUSSION

I. The Commonwealth of Massachusetts' Motion to Dismiss

In the Motion to Dismiss, the Commonwealth of Massachusetts argues that this Court lacks jurisdiction over this matter, either under the Rooker-Feldman doctrine[2] (to the extent

---

[2]The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

that the state-court decisions are final decisions), or under principles of <u>Younger</u> abstention (to the extent that the probate court litigation is subject to modification and further equitable orders, and because the state has a strong interest in the ongoing litigation).[3]  Indeed, the Defendant raises the same arguments that Judge Young addressed in connection with Cimini's prior suit.

   This Court finds no need to belabor this matter further.  The short of it is that this Court finds, as did Judge Young, that it lacks jurisdiction over Cimini's claims regarding custody and child support, and agrees with the arguments set forth by the Defendant in the Motion to Dismiss.  The Court rejects Cimini's arguments and does not find this case to present unusual or exceptional circumstances taking the case outside the <u>Younger</u> or <u>Rooker-Feldman</u> doctrines.  Cimini's bald assertions of bad faith and harassment simply are insufficient for this Court to ignore these well-settled doctrines, particularly where matters of child support and child custody are important matters of state interest.

   Of significance to this finding is the fact that this Court (Judge Woodlock) previously had considered and rejected claims by three men dissatisfied in one way or another with the way in which the Massachusetts state courts have treated their claims arising out of domestic relations disputes.  In each case, the plaintiff sought to collaterally attack the state court proceedings by recourse to the federal court.  In rejecting the claims of each, Judge Woodlock

---

[3]<u>Younger v. Harris,</u> 401 U.S. 37, 46 (1971) (recognizing the "fundamental policy against federal interference with state criminal proceedings");  <u>In re Justices of the Superior Court Dept. of the Massachusetts Trial Court</u>, 218 F.3d 11, 16 (1st Cir. 2000).   <u>See</u> <u>also</u> <u>Hawaii Housing Authority v. Midkiff</u>, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicial proceedings that concern important state interests.").  Cimini's argument that Younger does not apply because this is not a criminal case is misplaced; the <u>Younger</u> abstention doctrine has been applied to non-criminal proceedings as well.

succinctly encapsulated and fine-tuned the Younger and Rooker-Feldman issues raised in the domestic relations context, stating:

> In each case there has been a final state court judgment which is at the core of the dispute. Yet, given the equitable dimension to domestic relations disputes, it is possible that each underlying judgment will erupt into further related but arguably separate post-judgment proceedings. As a consequence, the cases do not necessarily lend themselves to tidy resolution through application of the *Rooker-Feldman* doctrine as interpreted by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 594 U.S. 280, 284 (2005). In each of the cases, however, traditional immunity bars and jurisdictional limitations provide alternative grounds for dismissal. More fundamentally, I find that the broader concept of abstention charts the proper course for a lower federal court to steer when faced with disputes such as these. The plaintiffs must pursue their cases fully in the state courts - with the prospect of entering the federal judicial system by petitioning for certiorari to the Supreme Court of the United States regarding any federal issues once the state proceedings have been concluded - rather than by opening second fronts in the lower federal courts when disappointed by ongoing state court proceedings.

Stratton v. Commonwealth of Massachusetts, et al., C.A. 06-10829-DPW (Memorandum and Order, Docket No. 13 at 1-2); Kachikwu v. Kachikwu, C.A. 06-11035-DPW (Memorandum and Order, Docket No. 7 at 1-2); Thomas v. Manzi, et al., C.A. 06-11805-DPW (Memorandum and Order, Docket No. 38 at 1-2), aff'd Thomas v. Manzi, et al., No. 08-2265 (1st Cir. 2009) (Mandate entered May 11, 2009, Docket No. 58).

Judge Woodlock rejected claims of misconduct in connection with the state proceedings (as Cimini raises here) as a basis for judicial review. He stated:

> Despite the various characterizations of fraud, misconduct and corruption the several plaintiffs have applied, it is apparent that each of these cases concerns injuries caused by judgments and orders entered by various judges of the state court. At the threshold, the cases must confront and overcome the *Rooker-Feldman* doctrine, which limits jurisdiction of the lower federal courts to hear attacks on state court determinations. As phrased most recently by the Supreme Court, this doctrine is limited to federal court actions "brought by state-court losers complaining of injuries caused by state-court judgments

8

rendered before the [federal] district court proceedings commenced." *Exxon Mobil Corp*., 544 U.S. at 284. That the plaintiffs have lost in state court is not in dispute; indeed that is why they attempt to mount collateral attacks in the federal court. More problematic is the limitation of the *Rooker-Feldman* doctrine to state court judgments rendered before the federal court cases were commenced. In each of these cases, the plaintiff has challenged the core state court judgment with post-judgment state court proceedings seeking modification of the core judgment. Further state court orders resolving those efforts to modify will arguably give rise to claimed injuries distinct from the core judgment. Such circumstances frequently arise in domestic relations disputes. Consequently, reliance upon the *Rooker-Feldman* doctrine alone to dismiss in its entirety the parallel litigation the plaintiffs have brought in this court seems improvident. *Cf. Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 66 (1st Cir. 2008). Nevertheless, to the degree that the cases or aspects of certain claims turn on the core judgments regarding divorce, property division and custody, adverse to the plaintiffs and rendered prior to the commencement of these proceedings in federal court, they are subject to dismissal under the *Rooker-Feldman* doctrine.

Stratton, C.A. 06-10829-DPW (Memorandum and Order, Docket No. 13 at 10-12);

Kachikwu, C.A. 06-11035-DPW (Memorandum and Order, Docket No. 7 at 10-12); Thomas,

C.A. 06-11805-DPW (Memorandum and Order, Docket No. 38 at 10-12).

Finally, with respect to claims for equitable relief, Judge Woodlock stated:

To the degree plaintiffs seek equitable relief, I find that these cases should be dismissed under the doctrine of *Younger* abstention. *See generally Younger v. Harris*, 401 U.S. 37, 46 (1971); *In re Justices of the Superior Court*, 218 F.3d 11, 16 (1st Cir. 2000). A federal court should abstain from reaching the merits of a case over which it otherwise has jurisdiction when the requested federal relief would interfere with (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding); that (2) implicates an important state interest; and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit. *See generally Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007); *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). All three requirements for *Younger* abstention are satisfied in these cases. As to the first requirement, to the degree - as appears unlikely - any of the equitable relief sought is even within the power of a federal court to grant, it would interfere directly or

9

> indirectly with ongoing state proceedings for modification or reconsideration, or with any related state court appeals.[footnote omitted]. As to the third requirement, the state court system, while apparently disappointing to the plaintiffs, provides adequate opportunities both at the trial level and on appeal to raise the claims presented in these federal litigations. Moreover, the Supreme Judicial Court of Massachusetts maintains a general superintendence power over the inferior courts of the Commonwealth, Mass. Gen. Laws ch. 211, § 3, throughout the course of any litigation. The second requirement goes to the heart of the reason why federal courts should avoid intruding in state domestic relations proceedings such as these. These are typically proceedings to resolve disputes over marital property or the custody of children. As Judge Posner observed recently in addressing the domestic relations exception to federal court jurisdiction, the underlying proceedings are "in rem in character. That is, they are fights over a property or a person in the [state] court's control. And a court other than the one that controls the res -the subject of the custody battle or the [marital] property . . .- should not be permitted to elbow its way into such a fight." *Struck v. Cook County Public Guardian*, 508 F.3d 858, 860 (7th Cir. 2007). This important state interest in avoiding federal court interference, directly or indirectly, with a res under state court jurisdiction is heightened by the fact that state court jurisdiction is being exercised in an area historically of state court concern. "State courts . . . are assumed to have developed a proficiency in core ... domestic-relations matters and to have evolved proceedings tailored to them, and some even employ specialized staff not found in federal courts. The comparative advantage of state courts in regard to such matters is at its zenith when the court is performing ongoing managerial functions for which Article III courts . . . are poorly equipped." *Id.* As Judge Posner observed, in this sense the domestic relations exception is "akin to a doctrine of abstention." *Id.*

Stratton, C.A. 06-10829-DPW (Memorandum and Order, Docket No. 13 at 15-18); Kachikwu, C.A. 06-11035-DPW (Memorandum and Order, Docket No. 7 at 15-18); Thomas, C.A. 06-11805-DPW (Memorandum and Order, Docket No. 38 at 15-18).

This Court finds Cimini's action to fall squarely within the parameters discussed by Judge Woodlock. In other words, Cimini's claims against the Commonwealth are barred by principals espoused in Younger and/or Rooker Feldman and their progeny.

In light of the above, the Commonwealth of Massachusetts' Motion to Dismiss (Docket No. 14) is ALLOWED. All claims against the Commonwealth of Massachusetts are

10

DISMISSED.

II.     Dismissal of Claims Against Margaret Cimini *Sua Sponte*; the Motion for Default

Cimini has paid the filing fee for this action, and therefore the Court has not preliminarily screened this case pursuant to the screening provisions set forth in the *in forma pauperis* statute, 28 U.S.C. § 1915(e). Cimini's ex-wife has not appeared in this action to defend the claims, although it appears that service of process has been effected. See Return of Summons (Docket No. 7). Nevertheless, this Court has inherent authority to review cases,[4] and invokes that authority at this juncture, in light of the dismissal of the claims against the Co-Defendant Commonwealth of Massachusetts.

Cimini has not asserted any plausible federal claims against his ex-wife in this action. To the extent that he has any state law claims against her, this Court declines to exercise supplemental jurisdiction over them.

Accordingly, in view of this Memorandum and Order, all claims against Defendant Margaret Cimini are DISMISSED. In light of this dismissal, Cimini's Motion for Default with respect to Margaret Cimini (Docket No. 17) is DENIED.

III.    Warning Concerning Frivolous and Abusive Litigation

As noted above, this is, essentially, Cimini's third attempt to obtain relief he cannot

---

[4] See Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, *inter alia*, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307-308 (1989); Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); and Rolle v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying *pro se* case is warranted where the claims presented no arguably meritorious issue to consider).

get in the state courts. It is abundantly clear that Cimini highly disputes orders concerning his child custody and support obligations, and firmly believes his federal due process rights have been violated by the state court actions and rulings because the state court failed to utilize British common law in its decisions. It is also abundantly clear, however, that Cimini continues to ignore the rulings of this Court in this regard. His repeated attempts to alter those state court rulings – despite his claims that he is not attempting to do so but is only seeking to vindicate common law rights – is to no avail, and simply bolsters this Court's view that Cimini's conduct is vexatious, malicious, and/or abusive, particularly in view of his two prior unsuccessful attempts for federal judicial review.[5] The instant action presents nothing new, and the Court will not permit him to waste the judicial resources of this Court by further attempts to alter state court rulings in connection with family matters.

Accordingly, pursuant to this Court's inherent authority to manage cases,[6] and pursuant to Rule 11 of the Federal Rules of Civil Procedure, Cimini is <u>PROHIBITED</u> from filing any further, motions, letters, or any other pleadings seeking to re-litigate the issues contained in this suit or in his two prior civil actions, and he is <u>WARNED</u> that he may be subject to sanctions, including an order enjoining him from future lawsuits without prior permission of the Court, should he fail to comply with this directive.

---

[5]Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. <u>Local 285 Service Employees Intern'tl v. Nontuck Resources Assoc., Inc.</u>, 64 F.3d 735, 737 (1st Cir. 1995); <u>accord</u> <u>Alexander v. United States</u>, 121 F.3d 312, 315-316 (7th Cir. 1997) (sanction appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist).

[6]A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. <u>See</u> <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 46-50 (1991); <u>accord</u> <u>United States v. Kouri-Perez</u>, 187 F.3d 1, 6-8 (1st Cir. 1999) (same)

CONCLUSION

Based upon the foregoing, it is hereby ORDERED that:

1.  The Commonwealth of Massachusetts' Motion to Dismiss (Docket No. 14) is <u>ALLOWED</u>;

2.  All claims against Defendant Margaret Cimini are <u>DISMISSED</u>;

3.  Plaintiff's Motion for Default (Docket No. 17) is <u>DENIED</u>;

4.  Plaintiff is <u>PROHIBITED</u> from filing any further, motions, letters, or any other pleadings seeking to re-litigate the issues contained in this suit or his two prior civil actions, and he is <u>WARNED</u> that he may be subject to sanctions, including an order enjoining him from future lawsuits without prior permission of the Court, should he fail to comply with this directive; and

5.  A separate Order of Dismissal shall issue, dismissing this action in its entirety.

SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: May 25, 2011